**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| CARMEN BROWN-MARSHALL,<br><br>        Plaintiff,<br><br>   v.<br><br>ROCHE DIAGNOSTICS CORP.,<br>MICHAEL DeFEO,<br>        Defendants. | Civil No. 10-CV-5984<br><br>(RMB-JS)<br><br><br>**OPINION** |

David Zatuchni
Zatuchni & Associates, LLC
287 South Main Street
Lambertville, NJ 08530

    Attorneys for Plaintiff

Susan L. Nardone
Gibbons P.C.
One Gateway Center
Newark, NJ 07102

Kenneth Yerkes
Barnes & Thornburg LLP
11 South Meridian St.
Indianapolis, IN 46204

    Attorneys for Defendants

**BUMB**, United States District Judge:

This matter comes before the Court upon a motion for leave to file an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) filed by Defendants Roche Diagnostic Corp. ("Roche Diagnostic")

and Michael Defeo (collectively the "Defendants").  Plaintiff Carmen Brown-Marshall opposes the motion.  For the reasons set forth below, the motion is DENIED.

Plaintiff, an employee of Defendant Roche Diagnostic, filed a Chapter 13 bankruptcy petition on May 16, 2009.  The Bankruptcy Court confirmed a plan on July 10, 2009.  Pursuant to the terms of the plan, "Property of the Estate [was to] revest in the Debtor."  A little more than one month later, on August 26, 2010, Roche Diagnostic terminated Plaintiff.

On October 13, 2010, Plaintiff brought this case, alleging employment discrimination in violation of New Jersey's Law Against Discrimination.[1]  After discovery, Defendants brought a motion for summary judgment.  In relevant part, Defendants argued that Plaintiff was required to disclose to the Bankruptcy Court her wrongful termination claims.  This Court disagreed, finding that because the law was unsettled as to whether Plaintiff was required to disclose post-confirmation claims, judicial estoppel did not bar her claims.  See Opinion and Order [Docket Nos. 64 and 65].  Defendants now seek leave of the Court to file an interlocutory appeal of the Court's Order.

Under 28 U.S.C. § 1292(b), a District Court may certify an interlocutory order for immediate appeal whenever the order: (1)

---

[1] Plaintiff filed her lawsuit in Superior Court of New Jersey, Camden County, which Defendants thereafter removed to this Court.

2

involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.  See Manning v. Merrill Lynch, Pierce, Fenner & Smith, No. 12-4466, 2013 WL 2285955, at *1 (D.N.J. May 23, 2013).  In deciding whether an issue should be certified for appeal "[t]he key consideration [is] . . . whether it truly implicates the policies favoring interlocutory appeal . . . Those polices . . . have included the avoidance of harm to a party *pendente lite* from a possibly erroneous interlocutory order and the avoidance of possibly wasted trial time and litigation expense."  Katz v. Carle Blanche Corp., 496 F.2d 747, 756 (3d Cir. 1974).

Defendants argue that the interlocutory appeal would involve a controlling question of law as to which there is substantial ground for difference of opinion, i.e., whether Plaintiff was required to disclose a post-confirmation claim to the Bankruptcy Court.  Confident that the answer to that question is yes, Defendants jump to the conclusion that Plaintiff would be judicially estopped from pursuing her case here because she failed to disclose her claims.

Defendants confuse, however, the controlling question of law element with what this Court decided.  This Court did not decide that Plaintiff was not required to disclose her claims.

Rather, critical to this Court's decision was the fact that the state of the law regarding Plaintiff's disclosure obligation was less than certain. Consequently, the Court did not judicially estop Plaintiff's claim. Regardless of how the Third Circuit would rule, therefore, the fact remains that the state of the law was unclear at the time the question of disclosure arose. Defendants concede as much in their moving papers by setting forth in extensive detail the different approaches that courts have taken to address an apparent incongruity in Sections 1306 and 1327 of the Bankruptcy Code.[2]

In fact, even if this Court had decided that Plaintiff was required to disclose her wrongful termination claims, the Court's judicial estoppel analysis would not have changed. In order to find judicial estoppel, Plaintiff must have acted in bad faith in not reporting her post-confirmation wrongful termination claim to the Bankruptcy Court. See Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 362 (3d Cir. 1996)("judicial estoppel must be attributable to intentional wrongdoing"). The requisite finding of bad faith to support

---

[2] Defendants cite to numerous opinions discussing the mandatory post-confirmation disclosure obligations of a debtor. See Defendants' Reply Brief, Docket No. 70, at 8-9. Plaintiff cites to not only cases that contradict those opinions, but the Plaintiff's bankruptcy trustee's opinion that the disclosure obligation occurs at the time Plaintiff secures a judgment. It is this difference of opinion that informs the outcome of a judicial estoppel analysis, discussed herein and in the Court's prior Opinion.

4

judicial estoppel cannot lie where there is a difference of opinion as to whether Plaintiff was required to report her post-confirmation claim.  Thus, even if the Court had resolved this issue of law in Defendants' favor, it is hard to see how Plaintiff should have been judicially estopped because of her failure of prescience or prediction.  It is this exact lack of precedence that Defendants want the Third Circuit to settle that led to this Court's conclusion that judicial estoppel should not apply.

Accordingly, because this Court finds that an interlocutory appeal would not involve a controlling question of law and would not materially advance the ultimate termination of the litigation, Defendants' motion is DENIED.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: October 25, 2013

5